## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

**LISA HILL-GREEN**, *on behalf of herself*
*and all others similarly situated*,

      **Plaintiff,**

  **v.**                                  **Civil Action No. 3:19-cv-708**

**EXPERIAN INFORMATION
SOLUTIONS, INC.,**

      **Defendant.**

## ORDER PRELIMINARILY APPROVING
## <u>SETTLEMENT AND DIRECTING NOTICE TO CLASS</u>

This matter comes before the Court on the Joint Motion for Preliminary Approval of

Class Action Settlement Agreement.  (ECF No. 86.)  The Settlement Agreement has been filed

with the Court, (ECF No. 87-1), and the definitions and terms set forth in the Settlement

Agreement are incorporated herein by reference.

The Court, having reviewed the Settlement Agreement entered by the Parties, hereby

ORDERS that:

1.     The Court has considered the proposed settlement of the claim asserted under the

Fair Credit Reporting Act ("FCRA") by a class of consumers defined as follows (the "Settlement

Class"):

> All consumers in the United States for whom Experian, within two years prior to
> the filing of the Complaint in this action and during its pendency, furnished a
> consumer report to a third party containing an inaccurate Fraud Shield Indicator
> No. 10, 11, 16, or 17 indicating that the consumer's address was either a high-risk
> or non-residential address.

The Settlement Class does not include Defendant's officers, directors, and employees;

Defendant's attorneys; the Named Plaintiff's attorneys; or any employee of the Federal

Judiciary.

2.    The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement.  The Settlement Agreement entered between the parties as of November 9, 2021, (ECF 87-1), appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Class.  Accordingly, for settlement purposes only, the proposed settlement is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

3.    The prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

(a)    The Settlement Class appears to consist of more than 100 members that are geographically dispersed such that joinder of all members is impracticable;

(b)    the claims of the Named Plaintiff appear to be typical of those of the other members of the Settlement Class;

(c)    there appear to be questions of fact and law that are common to all members of the Settlement Class; and,

(d)    the Named Plaintiff appears to be able to fairly and adequately protect the interests of the Settlement Class and has retained Class Counsel experienced in consumer class action litigation who appear to be able to adequately represent the Settlement Class.

4.    For settlement purposes only, the Court finds that this action is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Experian's conduct is generally applicable to the Settlement Class, so that final injunctive relief as set forth in Section IV of the Settlement Agreement is appropriate respecting the Class as a whole.

5.    If the Settlement Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the Settlement Class shall be

2

decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

6.     The Court appoints Lisa Hill-Green as the Class Representative.  The Court also appoints Kristi Kelly, Andrew Guzzo, Casey Nash, and Patrick McNichol of Kelly Guzzo, PLC; Leonard Bennett, Craig Marchiando, and Kevin Dillon of Consumer Litigation Associates, P.C.; and E. Michelle Drake and Joseph Hashmall of Berger Montague PC as counsel for the Settlement Class ("Class Counsel").

7.     The Court orders that a Notice Administrator be appointed.  The Parties shall submit their nomination of the administrator and all necessary support thereof no later than November 22, 2021.

8.     The Parties shall submit exemplars of the draft written notice and Settlement Website content with their submission made on or before November 22, 2021, which notice shall be considered and if satisfactory approved contemporaneously with the selection of the Notice Administrator.

9.     Once approved and ordered, the Notice Administrator shall implement the agreed-upon Notice Plan in accordance with Section VII of the Settlement Agreement.  To the extent the Parties or Notice Administrator determine that ministerial changes to the Notices are necessary before disseminating either to the Settlement Class Members, they may make such changes without further application to the Court.

10.     The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on

3

April 27, 2022 (at least 150 days after entry of Preliminary Approval Order) at the United States District Court, Eastern District of Virginia, at 701 E. Broad St., Richmond, VA 23219, at 11:00 AM for the following purposes:

(a)     To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

(b)     To determine whether a final judgment should be entered dismissing the claims of the Settlement Class with prejudice, as required by the Settlement Agreement;

(c)     To consider the application of Class Counsel for an award of attorneys' fees, costs, and expenses, and for a service award to the class representative; and

(d)     To rule upon other such matters as the Court may deem appropriate.

11.     Subject to further consideration and approval upon the Parties' November 22, 2021 submission, the Court finds this manner of giving notice, including its use of published and internet methods, satisfies the requirements of Fed. R. Civ. P. 23 and due process, and shall constitute due and sufficient notice to all persons entitled thereto.

12.     As this is a Settlement for injunctive relief under Fed. R. Civ. P. 23(b)(2), there shall be no ability for Settlement Class Members to request exclusion from the Settlement. All Settlement Class Members shall therefore be bound by all subsequent proceedings, orders, and judgments in this action.

13.     Pending the final determination of whether the Settlement should be approved, Plaintiff, the Settlement Class, and any person or entity allegedly acting on behalf of the Settlement Class, are hereby enjoined, either directly, representatively, or in any other capacity, from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims. Such injunction will remain in force

4

until the Court enters the Final Approval Order or until such time as the Parties notify the Court

that the Settlement has been terminated.  This injunction is necessary to protect and effectuate

the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to

effectuate the Agreement and Settlement and to enter judgment when appropriate, and is

ordered in aid of this Court's jurisdiction to protect its judgments.

14.     Any Settlement Class Member who wishes to be heard orally at the Final

Approval Hearing, and/or who wishes for any objection to be considered, must file a written

notice of objection to be filed with the Court no later than thirty (30) days prior to the Final

Approval Hearing.  Notwithstanding this deadline, objections solely as to attorneys' fees or costs

may be made no later than seven (7) days after the filing of a motion for the award of attorneys'

fees or costs.

15.     Copies of all objections also must be served electronically via the Court's ECF

system or mailed, postmarked no later than by the date due, to each of the following:  Leonard A.

Bennett, Consumer Litigation Associates, 763 J Clyde Morris Boulevard, Suite 1A, Newport

News, Virginia 23601; and Daniel J. McLoon, Esq., Jones Day, 555 S Flower St., Los Angeles,

CA 90071.  The objection must include the following:  (1) the objector's name, address, and

telephone number; (2) a sentence stating that, to the best of his or her knowledge, he or she is a

member of the Settlement Class; (3) the factual basis and legal grounds for the objection to the

Settlement; (4) the identity of witnesses whom the objector may call to testify at the Final

Fairness Hearing; (5) the name and address of any attorney who has drafted or helped draft the

objection; and (6) copies of exhibits the objector may seek to offer into evidence at the Final

Fairness Hearing.  Any Settlement Class Member who fails to timely file and serve a written

objection pursuant to the terms of this paragraph shall not be permitted to object to the approval

of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

16.     No later than ten (10) business days prior to the Final Approval Hearing, Class Counsel shall prepare and file with the Court, and serve on Defendant's counsel, a list of all persons who have timely objected to the settlement and all documents relating to the objections.

17.     All briefs, memoranda, petitions, and affidavits to be filed in support of an individual award to the Class Representative and in support in support of Class Counsel's application for fees, costs and expenses, shall be filed not later than forty-five (45) days before the Final Approval Hearing.  Any other briefs, memoranda, petitions and affidavits that Class Counsel intends to file in support of final approval shall be filed not later than twenty-one (21) days before the Final Approval Hearing.

18.     Not later than forty-five (45) days before the Final Approval Hearing, the Notice Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required herein.

19.     Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Settlement Released Claims.  This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties.  The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

6

20.     The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

It is SO ORDERED.


Date: 11-22-2021
Richmond, Virginia

_____
/s/
M. Hannah Lauck
United States District Judge