IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LISA HILL-GREEN,

        Plaintiff,

    v.                       Civil Action No. 3:19cv708

EXPERIAN INFORMATION
SOLUTIONS, Inc.,

        Defendant.

## ORDER GRANTING FINAL APPROVAL OF
## CLASS ACTION SETTLEMENT AND CERTIFYING SETTLEMENT CLASS

Plaintiff Lisa Hill-Green, individually and on behalf of the preliminarily certified Settlement Class, has submitted to the Court a Motion for Final Approval of the Settlement Agreement and Final Certification of the Settlement Class ("Final Approval Motion").

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiff's Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on April 27, 2022, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate, and reasonable.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1.    This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein,

the capitalized terms used herein shall have the same meanings and/or definitions given to them in the Preliminary Approval Order and Settlement Agreement, as submitted to the Court with Plaintiff's Preliminary Approval Motion.

2.      This Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and enforcement of the Settlement, the Settlement Agreement, or this Final Approval Order.

## CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVE

3.      In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, a Settlement Class defined as follows:

> All consumers in the United States for whom Experian, within two years prior to the filing of the Complaint in this action and during its pendency, furnished a consumer report to a third party containing an inaccurate Fraud Shield Indicator No. 10, 11, 16, or 17 indicating that the consumer's address was either a high-risk or non-residential address.

4.      Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(2). For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that this action may be maintained as a class action on behalf of the Settlement Class. Nothing herein shall be construed as a finding that Plaintiff is entitled to represent a class pursuant to Federal Rule of Civil Procedure 23(b)(3).

5.      In the Preliminary Approval Order, this Court previously appointed Plaintiff Lisa Hill-Green as Class Representative and hereby reaffirms that appointment, finding, on the record before it, that Plaintiff has and continues to adequately represent Settlement Class Members.

6.      In the Preliminary Approval Order, this Court previously appointed the law firms of Kelly Guzzo PLC, Consumer Litigation Associates, P.C., and Berger Montague P.C. as Class Counsel for settlement purposes only and hereby reaffirms that appointment, finding, on the

2

record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

## CLASS NOTICE

7.      The record shows, and the Court finds, that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of this Action and the terms of the Settlement Agreement, their rights to object to any part of the Settlement, their rights to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Approval Order, whether favorable or unfavorable; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause), Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

8.      Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all Settlement Class Members are bound by this Final Approval Order.

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9.      Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the

Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and any defenses of the Defendants, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member bound by the Settlement Agreement, including any releases therein.

10.     Specifically, the Court finds that the Settlement is fair, reasonable, and adequate given the following factors, among other things:

      a.     This Action was complex and time consuming and would have continued to be so through summary judgment and/or trial if it had not settled;

      b.     Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Action while negotiating the Settlement;

      c.     The relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to jurisdiction and liability;

      d.     The Settlement was the result of arm's-length, good faith negotiations and exchange of information by experienced counsel;

      e.     The reaction of the class to the Settlement has been positive, with no objections to the Settlement.

11.     Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

## BENEFITS TO THE CLASS

12.     As agreed in Section 4.1 of the Settlement, the Court hereby orders the following injunctive relief and requires that Experian implement the following procedures:

(a) Within six months of the Effective Date, Experian will reconfigure the update procedure for importing data into the Non-Residential Address table in FileOne to employ a "full file refresh," meaning that, each month, Experian will import an updated file from its vendor in a manner that overwrites all pre-existing data in that table.

(b) Experian will suppress or remove from the Non-Residential Address table any address that its vendor is reporting to Experian that Experian has reason to believe the vendor has not updated or otherwise verified for at least six years;

(c) Within six months of the Effective Date, Experian will "retire" (i.e., stop publishing) Fraud Shield indicator 21;

(d) On the later of the Effective Date or December 31, 2024, Experian will "retire" (i.e., stop publishing) Fraud Shield indicators 4 and 26;

(e) Experian will substantially reduce the table of high-risk SIC Codes that are relied upon by Fraud Shield indicators 10 and 16 to be consistent with those listed on Exhibit B [to the Settlement Agreement];

(f) With respect to Fraud Shield indicators 11 and 17, Experian will revise the message that is delivered to customers as follows:

> FSI 11: "Inquiry address: reported as being associated with a
> business."

> FSI 17: "On-file address: reported as being associated with a
> business."

(g) With respect to Fraud Shield Indicators 11 and 17, Experian will revise their description in the Fraud Shield Reference Guide as follows:

<u>FSI 11</u>: "The inquiry address has been reported as being associated with a business."

<u>FSI 17</u>: "One of the consumer's on-file addresses has been reported as being associated with a business."

## DISMISSAL OF CLAIMS AND RELEASES

13.     This Action and all Released Claims of Settlement Class Members are hereby dismissed with prejudice and, except as otherwise provided herein or in the Settlement Agreement, without costs to any party.

14.     Pursuant to the Settlement Agreement, as of the Effective Date of this Settlement, Plaintiffs and each member of the Settlement Class shall be deemed to have fully, finally, and forever released and discharged Experian and each of its members, owners, shareholders, unitholders, predecessors, successors (including, without limitation, acquirers of all or substantially all of Experian's assets, stock, units, or other ownership interests) and assigns; the past, present, and future, direct and indirect, parents (including, without limitation, holding companies), subsidiaries and affiliates of any of the above; and the past, present, and future principals, trustees, partners, insurers, officers, directors, employees, agents, advisors, attorneys, members, owners, shareholders, unitholders, predecessors, successors, assigns, representatives, heirs, executors, and administrators of any of the above ("Released Parties") from any and all Released Claims, as defined below:

> "Released Claims" means any and all equitable claims for injunctive relief asserted on behalf of a purported class or otherwise asserted on an aggregate basis that were alleged or that could have been alleged in this action, the operative complaints in this action, or any other complaints, pleadings, or other papers filed or to be filed in this action, relating in any way to Experian's alleged failure to employ reasonable procedures with respect to its Fraud Shield product. This Release excludes all claims for statutory, actual, and punitive damages, attorneys' fees, and costs that an individual or class of consumers may assert or that are presently asserted in the Complaint in the Action.

6

15.     The Release shall not pertain to claims relating to conduct occurring or actions taken by any Released Party after the Effective Date or any claims the Class Members may have for statutory, actual, or punitive damages regarding the conduct alleged in the Complaint.

16.     Plaintiffs and each Settlement Class Member have further covenanted and agreed that they will not sue or bring any action or cause of action, including by way of third-party claim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims; they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Released Claims; if involuntarily included in any such class action, they will use their best efforts to withdraw therefrom; and they will not assist any third party in initiating or pursuing a class action suit in respect of any of the Released Claims. However, this action will proceed as a putative class action for any monetary damages that the Class Members may assert.

17.     The release in the Settlement Agreement may be raised as a complete defense and bar to any action or demand brought in contravention of the Settlement Agreement.

### AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

18.     Pursuant to Federal Rule of Civil Procedure 23(h), Class Counsel applied to the Court for an award of attorneys' fees, costs, and a service award for the Named Plaintiff. (ECF No. 100.) Pursuant to the Settlement Agreement, Class Counsel requested reasonable attorneys' fees, reimbursement of costs, and a service award to be paid from a sum of $2,250,000.00 to be paid by or on behalf of Experian ("Fee and Expense Award"). The amount of the Service Award that Plaintiff requested is $7,500.00, and it is to be paid from the Fee and Expense Award.

19.     No Class Member or Government entity has objected to Class Counsel's request.

20.     The Court, having reviewed the declarations, exhibits, and points and authorities

submitted in support of Class Counsel's request for attorneys' fees and reimbursement of costs approves an award of attorneys' fees and reimbursement of costs to Class Counsel in the amount of $2,250,000.00. The Court finds that this amount is reasonable and appropriate under all of the circumstances presented.

21.     Courts routinely grant service awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation. See, e.g., Manuel v. Wells Fargo Bank, No. 3:14-cv-238 (DJN), 2016 WL 1070819, at *6 (E.D. Va. Mar. 15, 2016) (explaining that service awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general").

22.     The Court finds that the requested Service Award is reasonable and within the range of awards granted by courts in this and other circuits. See, e.g., id. (approving $10,000 service award); Ryals, Jr. v. HireRight Solutions, Inc., No. 3:09-cv-625 (JAG) (E.D. Va. Dec. 22, 2011) (awarding $10,000 service awards to each class representative). Moreover, the Service Award is justified by the time and effort expended by Plaintiff on behalf of the Settlement Class Members and the risk she assumed in bringing this action. Accordingly, the Court finds that Plaintiff Lisa Hill-Green shall be awarded $7,500.00 for her efforts, to be paid from the Fee and Expense Award.

23.     The Court further notes that the requested attorneys' fees, the reimbursement of costs, and the Service Award were included in the notice materials disseminated to the Settlement Class.

24.     The Fee and Expense Award shall be paid by Experian no later than the Effective Date for Service Award and Attorneys' Fees.

**OTHER PROVISIONS**

25.     The Court has jurisdiction to enter this Final Approval Order. Without in any way affecting the finality of this Final Approval Order, this Court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement or the Final Approval Order, including, without limitation, for the purpose of:

        a.      enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement or the Final Approval Order (including, whether a person or entity is or is not a Settlement Class Member);

        b.      entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Approval Order or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

        c.      entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement or the Final Approval Order.

26.     The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

27.     Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with

this Final Approval Order and that do not limit the rights of Settlement Class Members under the Settlement Agreement.

28.     In the event that the Settlement becomes null and void, certification of the Settlement Class shall be automatically vacated and this Final Approval Order, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

29.     This Final Approval Order is final for purposes of appeal and may be appealed immediately.

AND THIS CAUSE WILL CONTINUE AS TO THE REMAINING CLAIMS IN THE LAWSUIT.

**It is SO ORDERED.**

Date: 4/27/2022
Richmond, Virginia

_____
/s/
M. Hannah Lauck
United States District Judge