IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

LISA HILL-GREEN, *on behalf of
herself and all others similarly situated,*

        Plaintiffs,

v.                                           Civil Action No. 3:19cv708

EXPERIAN INFORMATION SOLUTIONS,
INC.,

        Defendant.

ORDER PRELIMINARILY APPROVING SETTLEMENT
AND DIRECTING NOTICE TO CLASSES

This matter comes before the Court on the Joint Motion for Preliminary Approval of Class Action Settlement Agreement. (ECF No. 125.[1]) The Settlement Agreement has been filed, (ECF No. 127-1), and the definitions and terms set forth in the Settlement Agreement are incorporated herein by reference. The Court, having reviewed the Settlement Agreement entered by the Parties, hereby ORDERS that:

1. The Court has jurisdiction over the subject matter of the Litigation and over each settling party.

2. The Court has conducted a preliminary evaluation of the Settlement as set forth in the Settlement Agreement. The Settlement Agreement entered between the parties as of August

---

[1] On August 23, 2022, Plaintiff Hill-Green filed a Notice of Correction, (ECF No. 127), with the Court, explaining that "[a]n incorrect version of Exhibit 7" accompanied the August 19, 2022 Motion for Preliminary Approval of Class Action Settlement, (ECF No. 125). Hill-Green's attachment to the Notice of Correction, (ECF No. 127-1), provided the Court with the correct version of Exhibit 7 within the full Settlement Agreement. Citations to the Settlement Agreement will therefore be to ECF No. 127-1.

19, 2022, (ECF No. 127-1), appears, upon preliminary review, to be fair, reasonable, and adequate to the Settlement Classes. Accordingly, for settlement purposes only, the proposed settlement is preliminarily approved, pending a Final Approval Hearing, as provided for herein.

### **The Rule 23(b)(2) Class**

3. The Court has considered the proposed settlement of the claim asserted under the Fair Credit Reporting Act ("FCRA") by a class of consumers defined as follows (the "Rule 23(b)(2) Settlement Class"):

> All consumers in the United States for whom Experian, within two years prior to the filing of the Complaint in this action and during its pendency, furnished a consumer report to a third party containing an inaccurate Fraud Shield Indicator No. 10, 11, 16, or 17 indicating that the consumer's address was either a high-risk or non-residential address.

The Rule 23(b)(2) Settlement Class does not include Defendant's officers, directors, and employees, Defendant's attorneys, the Named Plaintiff's attorneys, or any employee of the Federal Judiciary.

4. As to the Rule 23(b)(2) Settlement Class, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

(a) The Rule 23(b)(2) Settlement Class appears to consist of more than 100 members that are geographically dispersed such that joinder of all members is impracticable;

(b) The Named Plaintiff's claims appear to be typical of those of the other members of the Rule 23(b)(2) Settlement Class;

(c) There appear to be questions of fact and law that are common to all members of the Rule 23(b)(2) Settlement Class; and,

(d) the Named Plaintiff appears to be able to fairly and adequately protect the interests of the Rule 23(b)(2) Settlement Class and has retained Class Counsel experienced in

consumer class action litigation who appear to be able to adequately represent the Rule 23(b)(2) Settlement Class.

5. For settlement purposes only, the Court finds that the Rule 23(b)(2) Settlement Class is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(2) because Experian's conduct is generally applicable to the Rule 23(b)(2) Settlement Class, so that final injunctive relief as set forth in Section 4.3 of the Settlement Agreement is appropriate respecting the Rule 23(b)(2) Class as a whole.

6. Because this portion of the Settlement is for injunctive relief under Fed. R. Civ. P. 23(b)(2), there shall be no ability for Rule 23(b)(2) Settlement Class Members to request exclusion from the Settlement. All Rule 23(b)(2) Settlement Class Members shall therefore be bound by all subsequent proceedings, orders, and judgments in this action.

### The Rule 23(b)(3) Class

7. The Court has considered the proposed settlement of the claim asserted under the Fair Credit Reporting Act ("FCRA") by the "Rule 23(b)(3) Settlement Class," as identified on the Rule 23(b)(3) Class List,[2] according to the following Rule 23(b)(3) Class Criteria:

    (a) the consumer was the subject of a consumer report issued by Experian between July 1, 2018, and July 31, 2021;

    (b) in connection with the consumer report, Experian transmitted at least one instance of either Fraud Shield indicator 10 or 16;

---

[2] *See* ECF No. 127-1 ¶ 2.42 ("'Rule 23(b)(3) Class List' means a list, to be jointly prepared by Plaintiff's Expert and Experian, which includes the PIN numbers for all individuals whom the expert has determined meet the Rule 23(b)(3) Class Criteria.").

3

(c) the consumer's address, as provided by Experian, corresponds to an address in Experian's Non-Residential Address Table that was loaded into the table more than seven years prior to the date of the report;

(d) the address in the Non-Residential Address Table that matched the consumer's address was classified in the Non-Residential Address Table with a Standard Industrial Code ("SIC Code") denoting a business type identified in the Injunctive Relief Order that Experian has agreed as part of the settlement of this matter to no longer classify as a "high risk" business type;

(e) The consumer's historical Vantage Score as provided by Experian was 650 or greater;

(f) Experian's records indicate that the consumer report transmitted with the Fraud Shield Indicator was sold for a purpose other than debt collection; and

(g) the consumer did not have any new tradelines opened within 120 days of the date of the consumer report.

(h) The Rule 23(b)(3) Settlement Class also includes all consumers in the time period from July 1, 2018 to July 31, 2021 who contacted Experian to inquire about and/or dispute a non-residential or high-risk address indicator.

8. As to the Rule 23(b)(3) Settlement Class, the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been preliminarily satisfied, for settlement purposes only, in that:

(a) The Rule 23(b)(3) Settlement Class appears to consist of more than 100 members that are geographically dispersed such that joinder of all members is impracticable;

(b) The Named Plaintiff's claims appear to be typical of those of the other members of the Rule 23(b)(3) Settlement Class;

   (c) There appear to be questions of fact and law that are common to all members of the Rule 23(b)(3) Settlement Class; and

   (d) the Named Plaintiff appears to be able to fairly and adequately protect the interests of the Rule 23(b)(3) Settlement Class and has retained Class Counsel experienced in consumer class action litigation who appear to be able to adequately represent the Rule 23(b)(3) Settlement Class.

  9. For settlement purposes only, the Court finds that the Rule 23(b)(3) Settlement Class is preliminarily maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because it appears that class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and that a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

  10. As to class membership, the Rule 23(b)(3) Class List is determinative. No individual shall be bound by the Rule 23(b)(3) Settlement Class Release or entitled to the benefits of membership in the Rule 23(b)(3) Settlement Class unless such individual appears on the Rule 23(b)(3) Class List. All Rule 23(b)(3) Settlement Class Members on the Class List shall be given the opportunity to opt out of the Rule 23(b)(3) Settlement Class. Such a consumer may request to be excluded from the Rule 23(b)(3) Settlement Class by sending and not revoking a written request for exclusion to the Settlement Administrator, addressed to Hill-Green v. Experian Information Solutions c/o JND Legal Administration at PO Box 91215, Seattle, WA 98111. To be valid, the proposed Rule 23(b)(3) Settlement Class Member's opt-out request must contain the proposed Rule 23(b)(3) Settlement Class Member's name, original signature, current postal address, and current telephone number, and a statement that the proposed Rule 23(b)(3) Settlement Class Member wants to be excluded from the class of Rule 23(b)(3) Settlement Class

Members. To be valid, opt-out requests must be postmarked no later than ninety days after the Notice Date. To be valid, a request must not purport to opt out of the class of the Rule 23(b)(3) Settlement Class Members for a group, aggregate, or class involving more than one consumer. Requests for exclusions that do not substantially comply with the requirements in this Order are invalid. A Rule 23(b)(3) Settlement Class Member may revoke an opt-out request in writing. To be valid, opt-out revocations must be postmarked no later than the date of the Rule 23(b)(3) Final Judgment and Order.

### Findings Applicable to Both Settlement Classes

11. On April 27, 2022, the Court entered an Order Granting Final Approval of Class Action Settlement and Certifying Settlement Class, (ECF No. 112), in the present Litigation. The settlement approved by the April 27, 2022 Order provided certain injunctive relief to a class of consumers under Federal Rule of Civil Procedure 23(b)(2). Since that time, the Parties reached agreement regarding a modified settlement that provides further injunctive relief to the Rule 23(b)(2) Settlement Class, further release to Defendant, and resolves the class claims brought by the Named Plaintiff under Federal Rule of Civil Procedure 23(b)(3). Accordingly, the Parties have asked the Court to approve the proposed settlement memorialized in the Settlement Agreement, (ECF No. 127-1), with the intention and understanding that, upon final approval, it will act as a novation of the settlement previously approved by the Court, and it will supersede the prior Settlement Agreement, (ECF No. 99-1), in all respects.

12. If the Settlement Agreement, (ECF No. 127-1), is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason before the Effective Date, then the April 27, 2022 Order Granting Final Approval of Class Action Settlement and Certifying Settlement Class, (ECF No. 112), shall remain in full force and effect, the Settlement Classes

described above shall be decertified, except to the extent already certified by the April 27, 2022 Order; the August 23, 2022 Settlement Agreement, (ECF No. 127-1), and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and all Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

13. The Court appoints Lisa Hill-Green as the Class Representative for both settlement classes. The Court also appoints Kristi Kelly, Andrew Guzzo, Casey Nash, and J. Patrick McNichol of Kelly Guzzo, PLC; Leonard Bennett, Craig Marchiando and Kevin Dillon of Consumer Litigation Associates, P.C.; and E. Michelle Drake and Joseph Hashmall of Berger Montague PC as counsel for the Settlement Classes ("Class Counsel").

14. The Court appoints Rust/Kinsella as Settlement Administrator for the Rule 23(b)(2) Settlement and JND Legal Administration as Settlement Administrator for the Rule 23(b)(3) Settlement. The Settlement Administrators shall implement the agreed-upon Notice Plan in accordance with the Settlement Agreement. To the extent the Parties or Notice Administrators determine that ministerial changes to the Notices are necessary before disseminating either to the Settlement Class Members, they may make such changes without further application to the Court.

15. The Court will hold a Final Approval Hearing pursuant to Fed. R. Civ. P. 23(e) on March 1, 2023 at the United States District Court, Eastern District of Virginia, at 701 E. Broad St., Richmond, VA 23219, at 11:00 a.m. for the following purposes:

    (a) To determine whether the proposed settlement is fair, reasonable, and adequate and should be granted final approval by the Court;

    (b) To determine whether a final judgment should be entered dismissing the claims of the Settlement Classes with prejudice, as required by the Settlement Agreement;

    (c) To consider the application of Class Counsel for an award of attorneys' fees, costs, and expenses, and for a service award to the class representative; and

    (d) To rule upon other such matters as the Court may deem appropriate.

  16. The Court finds the manner of giving notice provided for by the Settlement and described in the Rule 23(b)(2) Notice Plan and Rule 23(b)(3) Notice Plan, including their use of published and internet methods, satisfies the requirements of Fed. R. Civ. P. 23 and due process, and shall constitute due and sufficient notice to all persons entitled thereto.

  17. Pending the final determination of whether the Settlement should be approved, Plaintiff, the Settlement Classes, and any person or entity allegedly acting on behalf of the Settlement Classes, are hereby enjoined, either directly, representatively, or in any other capacity, from commencing or prosecuting against the Released Parties any action or proceeding in any court or tribunal asserting any of the Released Claims. Such injunction will remain in force until the Court enters the Final Approval Order or until such time as the Parties notify the Court that the Settlement has been terminated. This injunction is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and Settlement and to enter judgment when appropriate, and is ordered in aid of this Court's jurisdiction to protect its judgments.

  18. Any Settlement Class Member who wishes to be heard orally at the Final Approval Hearing, or who wishes for any objection to be considered, must file a written notice of

objection to be filed with the Court no later than thirty (30) days prior to the Final Approval Hearing.

19. Copies of all objections also must be served electronically via the Court's ECF system. The objection must include the following: (a) the objector's name, address, and telephone number; (b) the name of this Litigation and the case number; and (c) a written statement detailing the specific basis for each objection. An objection submitted through an attorney must also contain: (a) the identity, mailing address, email address, fax number, phone number for the counsel by whom the Rule 23(b)(3) Settlement Class Member is represented; (b) a statement of whether the objecting Rule 23(b)(3) Settlement Class Member intends to appear at the Final Fairness Hearing; and (c) a written statement detailing the specific basis for each objection, including any legal and factual support that the objecting Rule 23(b)(3) Settlement Class Member wishes to bring to the Court's attention and any evidence the objecting Rule 23(b)(3) Settlement Class Member wishes to introduce in support of the objection. Any Settlement Class Member who fails to timely file and serve a written objection pursuant to the terms of this paragraph shall not be permitted to object to the approval of the settlement or the Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

20. All briefs, memoranda, petitions, and affidavits to be filed in support of an individual award to the Class Representative and in support in support of Class Counsel's application for fees, costs and expenses, shall be filed not later than fifty-one (51) days before the Final Approval Hearing.

21. Not later than forty-five (45) days before the Final Approval Hearing, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required herein.

22. Neither this Preliminary Approval Order, nor the Settlement Agreement, shall be construed or used as an admission or concession by or against the Defendant or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Settlement Released Claims. This Preliminary Approval Order is not a finding of the validity or invalidity of any claims in this lawsuit or a determination of any wrongdoing by the Defendant or any of the Released Parties. The preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or the Defendant.

23. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

IT IS SO ORDERED.

Date: 9/29/2022
Richmond, Virginia

/s/ M. Hannah Lauck
United States District Judge